UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------- x

RICHARD RIVERA and RICHARD     :    **Civil Action No.**
RIVERA, JR on behalf of themselves and  :
others similarly situated,            :
                                   :    **FLSA COLLECTIVE ACTION and**
                Plaintiff,    :    **RULE 23 CLASS ACTION**
  - against                :    **COMPLAINT**
                                   :

LAVECCHIA SURFACE           :
PREPARATION CORP.; ROBERT    :    **Jury Trial Demanded**
LAVECCHIA; FRANK LAVECCHIA  :
and DEBRA LAVECCHIA;        :
                                   :
                Defendants.  :

---------------------------------------------- x

Plaintiffs Richard Rivera and Richard Rivera Jr. ("Plaintiffs") on behalf of themselves and other similarly situated employees, as class representatives, by and through their attorney, Mohammed Gangat, file this Complaint against Defendants Lavecchia Surface Preparation Corp. ("LSP" or the "Corporate Defendant"), Robert Lavecchia ("Robert"), Frank Lavecchia ("Frank"), and Debra Lavecchia ("Debra" and together with Robert and Frank, the "Individual Defendants") and allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1.    Plaintiffs allege that, pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), they and a proposed FLSA Collective of others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment interest, and (5) attorneys' fees.

2.    Plaintiffs further alleges that, pursuant to the New York Labor Law ("NYLL"), they and a proposed class of other similarly situated employees are entitled to recover from

Defendants: (1) unpaid minimum wage; (2) unpaid overtime; (3) unpaid spread of hours premium; (4) statutory damages arising out of Defendants failure to provide required wage and hour law notices; (5) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (6) prejudgment interest; and (8) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because at least one defendant resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiffs are residents of Bronx, NY.

6.      The Corporate Defendant is incorporated in the State of New York, and does business at the locations identified herein.

7.      LSP is in the business of surface preparation.  LSP operates in New York City, providing flooring to commercial clients.

8.      LSP's primary business is installing, maintaining, and repairing concrete floors in large commercial buildings in New York City (as well as surrounding areas, but primarily New York City).

9.      LSP holds itself out as doing business at 946 Metropolitan Avenue, Brooklyn, NY

11211.

10.     With the New York Department of State, LSP lists Robert Lavecchia, 35 Trescott Path, Northport, New York, 11768 as Chief Executive Officer; gives as address of its Principal Executive Office the following address: Debra Lavecchia, 35 Trescott Path, Northport, New York, 11768; and lists as a Registered Agent, Robert Lavecchia, President, 4 Glen Lane Kings Park, New York, 11754.

11.     Defendant Robert Lavecchia, is the co-owner, shareholder, director, supervisor, managing agent, and/or proprietor, of the Corporate Defendant, who actively participates in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendant and the other Individual Defendants.

12.     Defendant Debra Lavecchia, is the co-owner, shareholder, director, supervisor, managing agent, and/or proprietor, of the Corporate Defendant, who actively participates in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendant and the other Individual Defendants.

13.     Defendant Frank Lavecchia, is the co-owner, shareholder, director, supervisor, managing agent, and/or proprietor, of the Corporate Defendant, who actively participates in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is

an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendant and the other Individual Defendants.

14.     Defendants exercise control over the terms and conditions of their employees' employment, in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

15.     At all relevant times, Defendants met the definition of an "employer" under all applicable statutes.

16.     Defendants are responsible under the law to maintain employment records of the Plaintiffs' employment at LSP, including records of wages paid and hours worked.

17.     Defendants hired and continuously employed Plaintiffs in the State of New York to work as a non-exempt employee.

18.     The work performed by Plaintiffs was directly essential to the business operated by Defendants.

## STATEMENT OF FACTS

19.     Defendants are in the business of surface preparation, maintenance and repair.

20.     Plaintiffs are a father and son.

21.     Defendants hired Plaintiff Richard Rivera during a face-to-face interview between Senior and defendant Robert Lavecchia in or around 1994.

22.     Mr. Rivera learned about the job opportunity from an employee at another company, Consolidated Carpet.

23.     This individual told Mr. Rivera that LSP is as an up-and-coming company that

cared for its employees and would help employees gain membership in a union.

24.    At the beginning of the employment, Mr. Rivera was required to start each day by reporting to a warehouse owned and/or leased by Defendants on 21st street in Queens, NY, adjacent to the Queens Midtown Tunnel.

25.    He was required to report at between 4:30 and 5:00 am, five days per week, and occasionally Saturdays, with Saturday shifts typically being several hours shorter than weekday shifts which were approximately 15 hours long.

26.    This continued for six to seven years until around 2000, a point in time when Defendants transitioned their business from commercial carpet sales and services to commercial floor installations and services for polished concrete floor or painted concrete floors. At that point Mr. Rivera's work schedule became varied, and his overall work scheduled was reduced, leading to him working fewer hours. There were days when he was required to report in the morning and days when he was required to report in the evenings. His workday was shortened and he worked fewer Saturdays, resulting in a an approximately sixty hour workweek until about 2016 when his work schedule was reduced even further to a fifty hour workweek.

27.    Throughout the employment, there were periods of time lasting for a few weeks when LSP told Mr. Rivera that there was no work and therefore he was not to report to work. Senior did not report to work those weeks and was not paid those weeks. Mr. Rivera's cell phone records confirm when the employment was ongoing and when there were breaks.

28.    Mr. Rivera was compensated at all times by a day rate, which was $100 per day at the time he was hired and stayed at $100 per day until around 2010 when it was increased to $125.

29.    The day rate never went higher than $125.

30.    The day rate was not intended to, and in fact failed to, compensate Mr. Rivera proper overtime compensation.

31.    Mr. Rivera's day rate resulted in him being paid in an amount below what was required to be paid to him in accordance with state and federal laws concerning minimum wage, overtime and spread of hours pay.

32.    Defendants hired Plaintiff Richard Rivera, Jr, ("Junior") a few years after they hired Senior, which meant they hired Junio in or around 1997.

33.    Senior recommended Junior for a position, and Defendants hired Junior.

34.    Junior remained continuously employed until about one year ago when Defendants began to assign Junior fewer days of work and eventually none at all.

35.    Both Plaintiffs job duties were the same.  They would start each day at the warehouse and then be assigned to a job site.  At the job site, Plaintiff would perform a variety of tasks, including picking up and dropping off materials, operating floor scrapers to prepare floors for concrete installation, installing concrete floors, and polishing, maintaining and repairing concrete floors.

36.    Like the elder Mr. Rivera, Junior was paid a day-rate that was not intended to and failed to compensate him at proper overtime levels, and that resulted in compensation below the amount due to him under federal and state laws concerning minimum wage, overtime and spread of hours pay.

37.    Plaintiffs have had direct conversations with other employees where those employees disclosed they too worked in excess of 40 hours and were paid a day rate of $100 per day.

38.    Defendants had a policy of having people work 50 and 60 hour workweeks and

paying employees a day rate of $100 per day.

39.     Defendants failed to provide wage statements for each week that Plaintiffs and other employees worked.

40.     Defendants failed to provide Plaintiffs and other employees with required wage notices indicating rate of pay, and overtime rate.

41.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

42.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium for each day that he worked a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

43.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and other similarly situated employees with notice of wage and hour laws, in direct violation of the New York Labor Law and the supporting federal and New York State Department of Labor Regulations, as part of an intentional and coordinated scheme to deprive Plaintiff and sales associates of their rights under state and federal wage and hour laws.

44.     Defendants knowing and willfully deducted amounts from Plaintiffs' wages claiming the deductions were appropriate because Plaintiffs acted negligently and owed Defendants money for damages to the heavy machinery and equipment caused during Plaintiffs' working on and transportation of the same.

## COLLECTIVE ACTION ALLEGATIONS

45.    Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were employed by Defendants as hourly employees between August 20, 2015 and the date of final judgment in this matter (the "FLSA Collective").

46.    Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than twenty five (25) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

47.    Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

48.    This action should be certified as a  collective  action  because  the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect  to  individual  members  of  the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication,  or substantially  impair  or impede

their ability to protect their interests.

49.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

50.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.  Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b.  Whether the Defendants had the power to hire and fire Plaintiffs and the Collective Action Members;

c.  Whether the Defendants had the power to set compensation policies for the Plaintiffs and the Collective Action Members;

d.  Whether the Defendants had the power to set conditions of employment for the Plaintiffs and the Collective Action Members;

e.  Whether the Defendants had the power to set the work schedules of the Plaintiffs and the Collective Action Members;

f.  Whether the Defendants maintained employee records, including records of certifications and qualifications required to work, with respect to Plaintiffs and the

Collective Action Members;

g.  Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

h.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements; and

i.  Whether the Defendants failed to pay the Plaintiffs and the Class members the applicable minimum wage for all straight time hours worked and the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder.

51.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

52.    Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

53.    Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

54.    Plaintiffs bring their New York Labor Law claims on behalf of all persons who were employed by Defendants at any time in the six years preceding the date the complaint in this action was filed (the "Class Period") as a hourly employee between July 10, 2012 and the date of final judgment in this matter (the "Collective Action Members").

55.    Upon information and belief, the persons in the Class identified herein are so

10

numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

56.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

57.     The Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

58.     Plaintiffs have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

59.     Plaintiffs will fairly and adequately protect the interests of the NY Class members. Plaintiffs understand that, as a class representative, they assume a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that they must consider the interests of the Class and Collective Action Members just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class or Collective Action Members.

60.     Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action

Members. Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and they understand that they may be called upon to testify in depositions and at trial.

61.    Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs claims are typical of the Class.

62.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.    Whether the Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law;

b.    Whether the Defendants had the power to hire and fire Plaintiffs and the Class members;

c.    Whether the Defendants had the power to set compensation policies for Plaintiffs and the Class members;

d.    Whether the Defendants had the power to set conditions of employment for the Plaintiff and the Class members;

e.    Whether the Defendants had the power to set work schedules for the Plaintiffs and the Class members;

f.    Whether the Defendants maintained employees' records, including records of certifications and qualifications required to work for the Plaintiffs and the Class member;

g.    Whether the Defendants failed to pay the Plaintiffs and the Class members the applicable minimum wage for all straight time hours worked, the required overtime compensation for all hours worked in excess of forty (40) hours per

workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

h.  Whether the Defendants failed to pay Plaintiffs and the Collective Action Members required spread of hours pay for each hour they worked in excess of 10 hours per day;

i.  Whether the Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

j.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

## FIRST CAUSE OF ACTION: FLSA MINIMUM WAGE

63.  Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

64.  Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

65.  Plaintiffs consent to be a party to this action, pursuant to 29 U.S.C § 216(b).

66.  At all times relevant to this action, Plaintiffs and Class Members were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d)

67.  At all times relevant to this action, Plaintiffs and Class Members were engaged in commerce and the corporate Defendants were enterprises engaged in commerce within the meaning of 29 U.S.C. § § 206(A) and 207(a).

68.  Upon information and belief, at all relevant times, Defendants have had gross

revenues in excess of $500,000.

69.    Defendants violated the rights of Plaintiffs and Class Members by failing to pay them the minimum wage for each hour worked in each discrete work week, in violation of the FLSA, 29 U.S.C § 206(a)(1).

70.    Defendants failure to pay Plaintiffs and Class Members the minimum wage was willful within the meaning of the FLSA, 29 U.S.C. § 255.

71.    Defendants are liable to Plaintiffs and Class Members for their unpaid minimum wages, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: FLSA OVERTIME

72.    Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

73.    Defendants violated the rights of Plaintiffs and Class Members by failing to pay overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

74.    Defendants' failure to pay Plaintiffs and Class Members overtime compensation was willful within the meaning of the FLSA, 29 U.S.C § 255.

75.    Defendants are liable to Plaintiffs and Class Members for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION: NYLL MINIMUM WAGE

76.    Plaintiffs allege and incorporate by reference the allegations contained in the preceding paragraphs.

77.     Defendants violated the rights of Plaintiffs and Class Members by failing to pay them the minimum wage for each hour worked in violation of the NYLL.

78.     As a result of Defendants' violation of the NYLL, Plaintiff and Class Members are entitled to the minimum rate of pay that they were legally due under the NYLL's minimum wage provisions as well as liquidated damages, interest, attorney's fees.

## FOURTH CAUSE OF ACTION: NYLL OVERTIME AND SPREAD OF HOURS

79.     Plaintiffs allege and incorporate by reference the allegations contained in the preceding paragraphs.

80.     NYLL § 160 requires employers to compensate their employees at a rate not less than one-and-one-half times their regular rate of pay for any hours worked in excess of 40 per week.

81.     Likewise, New York law requires employers to compensate employees for one additional hour of pay for each day when the employee works in excess of ten hours.

82.     Plaintiffs and Class Members were required to work in excess of 40 hours per week  and in excess of 10 hours per day without being compensated for those hours at the statutorily required rate.

83.     Defendants' violation was willful and lasted for the duration of all relevant time periods.

84.     Defendants are therefore liable to Plaintiffs and Class Members for their unpaid overtime compensation, plus liquidated damages, reasonable attorneys' fees and costs, and any other appropriate relief.

## FIFTH CAUSE OF ACTION: NYLL ANNUAL NOTICE

85.     Plaintiffs allege and incorporate by reference the allegations contained in all

15

preceding paragraphs.

86. Pursuant to NYLL 195(1)(a), every employer is required to

provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one if this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

87. Defendants knowingly failed to comply with this provision by failing to provide

Plaintiff and Class Members with any kind of notice at the time of hiring or annually,

whatsoever, let alone a notice meeting the requirements laid out in Section 195(1)(a).

88. NYLL § 198(1)(b) provides that any employee not provided such notice may

collect damages for $50 for each work day that the violation occurred or continued to occur, up

to a total of $5,000 per employee (together with costs and reasonable attorneys' fees as well as

appropriate injunctive and/or declaratory relief).

89. During the course of Plaintiffs and Class Members' employment, Defendants

consistently and willfully failed to provide them with adequate annual notices as required by

New York law.

90. Defendants are therefore liable to Plaintiffs and Class Members in the amount of

$5,000 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate

pursuant to NYLL § 198.

## SIXTH CAUSE OF ACTION: NYLL WAGE STATEMENTS

91. Plaintiffs allege and incorporate by reference the allegations contained in all

16

preceding paragraphs.

92.    Pursuant to NYLL § 195(3), every employer is required to

furnish each employee with a statement with every payment of wages, listing the
following: the dates of work covered by that payment of wages, listing the following:
the dates of work covered by that payment of wages; name of employee; name of employer;
address and phone number of employer; rate or rates of pay and basis thereof, whether
paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages;
deductions; allowances; if any, claimed as part of the minimum wage; and net wages.

93.    Defendants knowingly failed to comply with this provision by failing to provide

Plaintiffs and Class Members with wage statements meeting the requirements laid out in ¶ 105.

94.    NYLL § 198(1)(d) provides that any employee not provided appropriate wage

statements may collect damage of $250 for each work day that the violation occurred or

continued to occur, up to a total of $5,000 per employee (together with costs and reasonable

attorneys' fees as well as appropriate injunctive and/or declaratory relief).

95.    During the course of Plaintiffs and Class Members' employment, Defendants

consistently and willfully failed to provide them with adequate wage statements as required by

New York law.

96.    Defendants are therefore liable to Plaintiffs and Class Members in the amount of

$5,000 per employee, plus reasonable attorney's fees and costs and any other relief appropriate

pursuant to NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays

for the following relief:

a.   That, at the earliest possible time, Plaintiffs through their counsel be permitted to

give notice of this collective action, or that the Court issue such notice of this collective

action, or that the Court issue such notice to all persons who are presently, or have at any

time during the three years immediately preceding the filing of this suit, up through and

including the date of the Court's issuance of court-supervised notice, been employed by

Defendants. Such notice shall inform them that this civil action has been filed, of the

nature of the action, and of their right to join this lawsuit if they believe they were denied

proper hourly compensation and overtime wages;

b.  Certification of this case as a class action pursuant to Fed. R. Civ. P. 23;

c.  Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

d.  Designation of the named Plaintiffs as class representatives and designation of Plaintiffs'
    counsel of record as class counsel;

e.  Unpaid wages, back pay, compensatory damages, punitive damages, attorneys' fees,
    costs, and interest pursuant to 29 U.S.C. § 201 *et seq.* and the NYLL;

f.  An additional and equal amount in unpaid wages as liquidated damages pursuant to 29
    U.S.C. § 201 *et seq.;*

g.  Statutory damages pursuant to NYLL § 198(1)(b) and (d); and

h.  Issuance of a declaratory judgement that the practices complained of herein are unlawful
    under the FLSA and NYLL and a permanent injunction against Defendants' continued
    engagement in such practices.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all question of fact raised by
the Complaint.

Dated: New York, New York
          August 20, 2018                            **LAW OFFICE OF MOHAMMED GANGAT**

By:

_____
Mohammed Gangat, Esq.
675 3rd Avenue, Suite 1810
New York, NY
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiffs*