# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RICHARD RIVERA AND RICHARD RIVERA, JR. on
behalf of themselves and others similarly situated,

                                        Plaintiffs,

                -against-                                  Civil Action No.: 18-CV-04703-
                                                           AMD-PK

LAVECCHIA SURFACE PREPARATION CORP.,
ROBERT LAVECCHIA, FRANK LAVECCHIA AND
DEBRA LAVECCHIA,

                                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (hereinafter, "Agreement") is entered

into between RICHARD RIVERA AND RICHARD RIVERA, JR. ("Plaintiffs") and LAVECHIA

SURFACE PREPARATION CORP., ROBERT LAVECCHIA, FRANK LAVECCHIA and

DEBRA LAVECCHIA ("Defendants") and said company's successors, predecessors, their

related business entities, corporations, partnerships, and subsidiaries, as well as their respective

current and former directors, officers, shareholders, partners, employees, assigns, and successors

in interest, representatives, agents, insurers, both in their representative and individual capacities,

and said individuals' heirs, executors, administrators, successors, assigns, and attorneys;

WHEREAS, Plaintiffs initiated an action in the United States District Court,

Eastern District of New York (Case No. 1:18-cv-04703) (the "EDNY Action") alleging violations

under the New York Labor Law (the "NYLL") and the Fair Labor Standards Act ("FLSA"); and

WHEREAS, Plaintiffs' counsel has indicated that they intend to file claims based on alleged acts that they believe constitute discrimination or retaliation against Plaintiffs;

WHEREAS, Defendants have denied Plaintiffs' claims; and

WHEREAS, after engaging in a settlement conference on March 21, 2019, Plaintiffs and Defendants wish to avoid the uncertainties and expense of future proceedings in this matter and desire to forgo any and all future litigation; and

WHEREAS, Defendants are willing to enter into this Agreement with Plaintiffs and to provide Plaintiffs with the consideration specified in Paragraph 1, below, in exchange for Plaintiffs' promises set forth in this Agreement; and

WHEREAS, the parties have agreed to voluntarily settle this action in exchange for entering into this Agreement.

Based upon the foregoing promises and the consideration to be provided to Plaintiffs and the other promises set forth below, Defendants, intending to be legally bound, agree as follows:

### 1.     Consideration to be Provided to Plaintiffs.

In consideration for the promises made by Plaintiffs set forth in this Agreement, Defendants promise to pay Plaintiffs the total amount of Forty-Five Thousand Dollars ($45,000.00) which shall be payable as follows: (a) payment made payable to Plaintiff Richard Rivera, Sr. in the amount of Seven Thousand One Hundred Fifty-Five and 00/100 Dollars ($7,155.00) less applicable withholding and taxes; (b) payment made payable to Plaintiff Richard Rivera, Sr. in the amount of Seven Thousand Five Hundred and 00/100 Dollars ($7,500.00) in consideration of Plaintiff Richard Rivera Sr.'s claims for penalties and liquidated damages; (c)

2

payment made payable to Plaintiff Richard Rivera, Jr. in the amount of Seven Thousand One Hundred Fifty-Five and 00/100 Dollars ($7,155.00) less applicable withholding and taxes; (b) payment made payable to Plaintiff Richard Rivera, Jr. in the amount of Seven Thousand Five Hundred and 00/100 Dollars ($7,500.00) in consideration of Plaintiff Richard Rivera Jr.'s claims for penalties and liquidated damages; and payment made payable to Plaintiffs' counsel, Mohammed Gangat, Esq., for expenses in the amount of Six Hundred Ninety and 00/100 Dollars ($690.00) and attorneys' fees in the amount of Seven Thousand Five Hundred and 00/100 Dollars ($7,500.00) and to Valli Kane & Vagnini LLP, for attorneys' fees in the amount of Seven Thousand Five Hundred and 00/100 Dollars ($7,500.00). Such payments shall be distributed as follows:

    a. Within thirty (30) days of the signing of this Agreement by Plaintiffs and Defendants and the execution by Plaintiffs of a W-4 and W-9 and the execution by Plaintiffs' counsel of a W-9, Defendants agree to provide Plaintiffs, through their counsel, with a check made payable to Plaintiff Richard Rivera Sr. in the amount of Seven Thousand One Hundred Fifty-Five and 00/100 Dollars ($7,155.00) less applicable employee withholdings and taxes; a check made payable to Plaintiff Richard Rivera Jr. in the amount of Seven Thousand One Hundred Fifty-Five and 00/100 Dollars ($7,155.00) less applicable employee withholdings and taxes; and a separate check for expenses in the amount of Six Hundred Ninety and 00/100 Dollars ($690.00) payable to Plaintiffs' counsel, Mohammed Gangat, Esq., as well as a separate check in the amount of and Three Thousand Seven Hundred Fifty and 00/100 Dollars ($3,750.00) also payable to Mohammed Gangat, Esq.; and a separate check in the amount of Three Thousand Seven Hundred Fifty and 00/100 Dollars ($3,750.00) payable to Plaintiffs' counsel, Valli Kane & Vagnini LLP.

b.  Within sixty (60) days a days of the signing of this Agreement, Defendants agree to provide Plaintiffs, through their counsel, with a check made payable to Plaintiff Richard Rivera Sr. in the amount of Seven Thousand Five Hundred and 00/100 Dollars ($7,500.00); a check made payable to Plaintiff Richard Rivera Jr. in the amount of Seven Thousand Five Hundred and 00/100 Dollars ($7,500.00);   and a separate check in the amount of Three Thousand Seven Hundred Fifty and 00/100 Dollars ($3,750.00) payable to Plaintiffs' counsel, Mohammed Gangat, Esq., as well as a separate check in the amount of Three Thousand Seven Hundred Fifty and 00/100 Dollars ($3,750.00) payable to Plaintiffs' counsel, Valli Kane & Vagnini LLP

c.  In the event that it is subsequently determined by any federal, state, or local taxing authority that Plaintiffs owes any additional taxes, it is expressly agreed that the determination of any employee tax liability, if any, is between Plaintiffs and that taxing authority, and Plaintiffs shall indemnify and hold Defendants harmless for the payment of such taxes, including any interest and penalties, except with respect to Defendants' portions of FICA and other federal employer-portion tax contributions associated with the payments set forth in this Paragraph 1, above. Plaintiffs further agree that any payments set forth above which are made prior to Court approval of the settlement of Plaintiffs' claims pursuant to the Fair Labor Standards Act, will be held in escrow by Plaintiffs' attorney pending approval by the Court as to Plaintiffs' claims pursuant to the Fair Labor Standards Act. Should the Court require modification of the amounts set forth above for Court approval, upon written approval by counsel for both parties, the parties shall have the right to amend such amounts set forth herein.

4

d.  All payments shall be delivered to Mohammed Gangat, Esq., 675 3rd Avenue, Suite 1810, New York, NY 10017 except for payments to Valli Kane & Vagnini LLP which should be sent to 600 Old Country Rd., Suite 519, Garden City, NY 11530.

e.  Should Defendants fail to make any of the payment(s) as described in this Paragraph 1 above, Plaintiffs will provide the Company with a cure letter, which may be sent by email to Defendants' counsel. The Defendants will have five (5) days from the date of its receipt of Plaintiffs' cure letter to provide to Plaintiffs or their counsel the payment at issue. Should the Defendants fail to cure the failure to pay by making such payment within such five (5) day period, the Defendants agree that all monies still due and owing to Plaintiffs and their counsel under this Agreement will be accelerated and therefore come due immediately. The Defendants agree that in the event all such monies still due and owing are accelerated, Plaintiffs will be entitled to enter a Judgment against the Defendants for the full amount of all such monies owed.

## 2.  Adequate Consideration.

Plaintiffs expressly stipulate that the consideration referred to in Paragraph 1 constitutes adequate and ample consideration for the rights and claims they are waiving under this Agreement and for the obligations imposed upon them by virtue of this Agreement. Plaintiffs expressly agree and acknowledge that Defendants have promised to pay the consideration referred to in Paragraph 1 of this Agreement in exchange for the releases, waivers, and promises made by Plaintiffs in this Agreement.

## 3.  Release of Claims by Plaintiffs.

a.      In consideration for the payments provided for in Paragraph 1 of this Agreement, Plaintiffs and Plaintiffs' successors, assigns, heirs, executors, agents, and administrators, and each of them hereby releases, remises, acquits and forever discharges Defendants and their predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, trustees, directors, members, board members, shareholders, partners, employees, agents, heirs, administrators, executors, and attorneys, past and present (the "Releasees") from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, arising out of or in any way connected with Plaintiffs' relationship with any of the Releasees, Plaintiff's relationship with Defendants and/or the termination of that relationship, or any other transaction, occurrence, act or omission, or any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission by or on the part of said Releasees, or any of them, committed or omitted prior to the date of this Agreement, including without limiting the generality of the foregoing, any claim under the Fair Labor Standards Act of 1938, as amended; the New York Labor Law, as amended, New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Civil Rights Act of 1866, Civil Rights Act of 1871, the Civil Rights Act of 1991, Sections 1981 through 1988 of Title 42 of the United States Code, as amended, Americans With Disabilities Act ("ADA"), Genetic Information Nondiscrimination Act of 2008 ("GINA"), Uniformed Services Employment and Reemployment Rights Act ("USERRA"), Fair Credit

Reporting Act, Employee Retirement Income Security Act or 1974 ("ERISA"), as amended, the Occupational Safety and Health Act, as amended, the Immigration Reform and Control Act, as amended, Consolidated Omnibus Budget Reconciliation Act, Family and Medical Leave Act, the Workers Adjustment and Retraining Notification Act, as amended, the Sarbanes-Oxley Act of 2002, as amended, New York City Labor Law, New York Executive Law, New York Civil Rights Law, New York City Administrative Code, New York City Earned Sick Time Act, New York Code of Rules and Regulations, as amended; the New York Minimum Wage Act, the New York Wage Payment Act, any claim that has been or could have been alleged in the EDNY Action; any other federal, state or local law, statute, regulation or ordinance; any public policy, contract, tort or common law claim; and any claim for costs, fees or other expenses, including attorneys' fees incurred in these matters.

b. Plaintiffs hereby expressly consent that the general release contained in Paragraph 3(a) shall be given full force and effect according to each and all of its express terms and provisions. Plaintiffs hereby expressly acknowledges that Plaintiffs have been advised to review this Agreement and the general release that it contains with an attorney, that Plaintiffs understand and acknowledge the significance and consequences of said general release, and that Plaintiffs understand and acknowledge that without such provision, Defendants would not have entered into this Agreement or provided Plaintiffs with the payments described in Paragraph 1.

c. This release shall not affect or limit: (a) any claims that may arise after the date Plaintiffs sign this Agreement; (b) Plaintiffs' right to enforce the terms of this Agreement; (c) any rights Plaintiffs may have to receive benefits for occupational illness or injury under the

7

Workers' Compensation Law; and/or (d) any other claims that, under controlling law, may not be released by private settlement.

      d.     Nothing contained in this Agreement is intended to, or shall, interfere with Plaintiffs' rights under federal, state, or local civil rights or employment discrimination laws (including, but not limited to, Title VII, the ADA, the ADEA, GINA, USERRA, or their state or local counterparts) to file or otherwise institute a charge of discrimination, to participate in a proceeding with any appropriate federal, state, or local government agency enforcing discrimination laws, or to cooperate with any such agency in its investigation, none of which shall constitute a breach of this Agreement. Notwithstanding the foregoing, Plaintiffs shall not, however, be entitled to any relief, recovery, or monies in connection with any such complaint, charge or proceeding brought against Defendants and/or any of the other Releasees, regardless of who filed or initiated any such complaint, charge, or proceeding.

      e.     Defendants and their successors and assigns will release, remise, acquit and forever discharge Plaintiffs from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever accruing before the date of this Agreement's full execution, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, arising out of or in any way connected with Plaintiffs' relationship with Defendants, the termination of that relationship, or any other transaction, occurrence, act or omission, or any loss, damage or injury whatsoever, known or unknown, suspected or

8

unsuspected, resulting from any act or omission Plaintiffs committed or omitted prior to the date of this Agreement.

f.      Plaintiffs and Defendants intend the Releases herein to be construed and interpreted as general releases to the fullest extent permitted by law.

### 4.      Affirmations By Plaintiffs.

a.   Plaintiffs agree that with respect to the claims they are waiving, they are waiving not only their right to recover money or other relief in any action that they might institute, individually or collectively, but also that in the event a claim is brought on their behalf individually or jointly, by any other person or entity, before the United States Department of Labor, the New York State Department of Labor, or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court as it relates to the claims released by the Plaintiffs in Paragraph 3 herein, they are waiving their right to recover money or other relief in such action.

b.   As a result of this settlement, Plaintiffs admit and affirm that: (i) they have had an opportunity to consult their attorney about whether this settlement is reasonable and fully satisfies their claims against Defendants; (ii) they have no other outstanding lawsuits or claims against Defendants, other than the EDNY Action; and (iii) this Agreement has been entered into after a settlement conference with the Magistrate Judge was held between all parties on March 21, 2019, during which time the parties had an opportunity to hear each side's arguments, and the terms of this settlement were agreed to and negotiated during such mediation.

Plaintiffs have entered into this Agreement under their own free will and volition upon consultation with their attorney.

### 5.      Stipulation of Dismissal of EDNY Action

Simultaneous with the execution of this Agreement, Plaintiffs' counsel shall execute and deliver to Defendants' counsel a stipulation discontinuing the EDNY Action with prejudice in the form annexed hereto as "Exhibit A" to be "so ordered" by the Court. Plaintiffs' counsel shall execute and deliver to Defendants' counsel any additional or other documentation required by the Court and provided by Defendants' counsel to effectuate the termination of Plaintiffs' claims against Defendants in the EDNY Action. Defendants' counsel shall hold the fully-executed stipulations in escrow and shall file after deliver of the checks identified in Paragraph 1 to Plaintiffs' counsel.

### 6.      No Admission of Liability or Wrongdoing.

Plaintiffs agree that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by Defendants. Defendants deny that they engaged in any wrongdoing of any kind with respect to Plaintiffs.

### 7.      Advice of Counsel.

All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. The Parties hereby represent that they have consulted their attorneys about this Agreement before signing it.

### 8.     Severability.

Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

### 9.     Governing Law and Interpretation.

This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

### 10.     Disputes; Damages.

In the event of a dispute as to the interpretation, application, or violation of this Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Eastern District of New York. The parties agree that any such dispute shall be resolved by a judge, not by a jury. Neither party shall be entitled to an award of

compensatory, exemplary, or punitive damages in any dispute that might arise under this Agreement.

**11.    Waiting Period, Right of Revocation, Effective Date.**

Plaintiffs acknowledges that they have been provided with a reasonable period of time within which to consider this settlement and to decide whether to execute this Agreement, and that they have been given the opportunity and, in fact, have consulted with their attorney. The effective date of this Agreement is the date on which Plaintiffs sign this Agreement.

**12.    Entire Agreement.**

All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both Plaintiffs and representatives of Defendants.

**13. Execution in Counterparts; Facsimile or electronic signatures; Force and effect**

This Agreement may be executed using facsimile or electronic signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

**14.    Native Language.**

Plaintiffs represent that they have been presented with a copy of this Agreement in their native language by their counsel or have had this Agreement read to them in their native language by a representative of Plaintiffs' counsel prior to executing this Agreement.

Plaintiffs state that their attorneys' fees and expenses are paid, and there will be no further or separate claim for attorneys' fees or expenses.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS PURSUANT TO PARAGRAPH 3 OF THIS AGREEMENT. THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

**THIS IS A LEGAL DOCUMENT - READ CAREFULLY BEFORE SIGNING.**

_Richard R_

**RICHARD RIVERA**

_____
**RICHARD RIVERA, JR.**

**LAVECCHIA SURFACE PREPARATION CORP.**

By:_____

Date:_____5 - 9 - 19_____

14

---------------------------------------
**RICHARD RIVERA**

---------------------------------------
**RICHARD RIVERA, JR.**

**LAVECCHIA SURFACE PREPARATION CORP.**

By:_____

Date:_____

14

ROBERT LAVECCHIA

FRANK LAVECCHIA

DEBRA LAVECCHIA

15